UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

GRACE MACHELLE TYSON,   )
           )
    Plaintiff,    )
           )
    v.      )  No. 4:14cv1176  HEA
           )
           )
CAROLYN W. COLVIN,    )
Acting Commissioner of   )
Social Security,      )
           )
    Defendant.   )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's request for judicial review under 42 U.S.C. § 405(g) of the final decision of Defendant denying Plaintiff's applications for disability insurance benefits and supplemental security income (SSI) under Titles II and XVI of the Social Security Act (Act), 42 U.S.C. §§ 401-434, 1381-1385 . For the reasons set forth below, the Court will affirm the Commissioner's denial of Plaintiff's applications.

## Facts and Background

On June 5, 2012 Plaintiff appeared and testified before Administrative Law Judge Thomas C. Muldoon. Plaintiff was 51 years old, having been born on October 3, 1960, at the time of the hearing.  Plaintiff had past work experience as a home health aide, CNA, and presser.  She resides with her mother and

grandmother and maintains their household, does the grocery shopping and otherwise acts as the head of their household.

Plaintiff testified that she suffers from pain in her knees and back. As a result she can't stand longer than 45 minutes and then has to sit or lie down for a period of time due to the pain. She testified she can only walk for limited periods of time without having to rest and that she would not be able to work at a job that required her to be standing six hours out of an eight hour day. The Plaintiff further testified at the hearing that she could only lift 10 pounds without having difficulty with her back. On examination by her attorney Plaintiff testified she has issues with depression and anxiety. She gets nervous about driving and going outside.

The ALJ concluded, based upon the inquiry, and responses, of the Plaintiff, and the documentary and records evidence presented, that Plaintiff retained the Residual Functional Capacity to perform medium work except lifting and carrying no more than 50 pounds occasionally and 25 pounds frequently; standing or walking more than six hours out of eight with normal work breaks; climbing ropes, ladders, or scaffolds, kneeling, crouching, and crawling no more than occasionally.

The ALJ found Plaintiff had the severe impairments of bilateral knee degenerative joint disease and chondromalacia, right knee bursitis and small Baker's cyst as well as obesity. ALJ Muldoon further found Plaintiff does not

have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, Part A,   20 CFR 404.1520(d) , 404.1525, 404.1526, 416.920(d), 416.925 and 416.926.  ALJ Muldoon also concluded that Plaintiff was capable of performing past relevant work as a home health aide, presser, or CNA as that work did not require the performance of work activities precluded by Plaintiff's residual functional capacity. The ALJ therefore concluded Plaintiff was not disabled.

The Appeals Council denied her request for review on May 12, 2014.The decision of the ALJ is now the final decision for review by this court.

## Statement of Issues

The issues in a Social Security case are whether the final decision of the Commissioner is consistent with the Social Security Act, regulations, and applicable case law, and whether the findings of fact by the ALJ are supported by substantial evidence on the record as a whole. Here the Plaintiff asserts the ALJ's assessment at step two is not supported by substantial evidence, the ALJ did not properly consider the medical opinions of record, and the ALJ's decision is not supported by substantial evidence considering the new evidence submitted to the Appeals Council.

## Standard For Determining Disability

The Social Security Act defines as disabled a person who is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir.2010). The impairment must be "of such severity that [the claimant] is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. § 1382c(a)(3)(B).

A five-step regulatory framework is used to determine whether an individual claimant qualifies for disability benefits. 20 C.F.R. §§ 404.1520(a), 416.920(a); see also *McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir.2011) (discussing the five-step process). At Step One, the ALJ determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I); *McCoy*, 648 F.3d at 611. At Step Two, the ALJ determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant

does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.920(a)(4)(ii), 416.920(c); *McCoy*, 648 F.3d at 611.  At Step Three, the ALJ evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the ALJ proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d), 416.920(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is "the most a claimant can do despite [his] limitations." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir.2009) (citing 20 C.F.R. § 404.1545 (a)(1)); see also 20 C.F.R. §§ 404.1520(e), 416.920(e).  At Step Four, the ALJ determines whether the claimant can return to his past relevant work, by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a) (4) (iv), 404.1520(f), 416.920(a) (4) (iv), 416.920(f); *McCoy*, 648 F.3d at 611.  If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step.  Id...  At Step Five, the ALJ considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if the claimant cannot make an adjustment to

other work, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that the claimant maintains the RFC to perform a significant number of jobs within the national economy. *Id.; Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir.2012).

**RFC**

A claimant's Residual Functional Capacity (RFC) is the most an individual can do despite the combined effects of all of his or her credible limitations. *See* 20 C.F.R. § 404.1545. An ALJ's RFC finding is based on all of the record evidence, including the claimant's testimony regarding symptoms and limitations, the claimant's medical treatment records, and the medical opinion evidence. *See Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir.2010); *see also* 20 C.F.R. § 404.1545; Social Security Ruling (SSR) 96–8p. An ALJ may discredit a claimant's subjective allegations of disabling symptoms to the extent they are inconsistent with the overall record as a whole, including: the objective medical evidence and medical opinion evidence; the claimant's daily activities; the duration, frequency, and intensity of pain; dosage, effectiveness, and side effects of medications and

medical treatment; and the claimant's self-imposed restrictions. *See Polaski v.*

*Heckler*, 739 F.2d 1320, 1322 (8th Cir.1984); 20 C.F.R. § 404.1529; SSR 96–7p.

A claimant's subjective complaints may not be disregarded solely because

the objective medical evidence does not fully support them.  The absence of

objective medical evidence is just one factor to be considered in evaluating the

claimant's credibility and complaints. The ALJ must fully consider all of the

evidence presented relating to subjective complaints, including the claimant's prior

work record, and observations by third parties and treating and examining

physicians relating to such matters as:

(1) the claimant's daily activities;

(2) the subjective evidence of the duration, frequency, and intensity of the

claimant's pain;

(3) any precipitating or aggravating factors;

(4) the dosage, effectiveness, and side effects of any medication; and

(5) the claimant's functional restrictions.

Although the ALJ bears the primary responsibility for assessing a claimant's

RFC based on all relevant evidence, a claimant's RFC is a medical question.

*Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir.2001) (citing *Lauer v. Apfel*, 245

F.3d 700, 704 (8th Cir.2001)). Therefore, an ALJ is required to consider at least

some supporting evidence from a medical professional. See *Lauer*, 245 F.3d at 704

(some medical evidence must support the determination of the claimant's RFC); *Casey v. Astrue*, 503 F .3d 687, 697 (the RFC is ultimately a medical question that must find at least some support in the medical evidence in the record). An RFC determination made by an ALJ will be upheld if it is supported by substantial evidence in the record. *See Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir.2006).

The ALJ must make express credibility determinations and set forth the inconsistencies in the record which cause him to reject the claimant's complaints. *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir.2005). "It is not enough that the record contains inconsistencies; the ALJ must specifically demonstrate that he considered all of the evidence." Id. The ALJ, however, "need not explicitly discuss each *Polaski* factor." *Strongson v. Barnhart*, 361 F.3d 1066, 1072 (8th Cir.2004). The ALJ need only acknowledge and consider those factors. *Id*. Although credibility determinations are primarily for the ALJ and not the court, the ALJ's credibility assessment must be based on substantial evidence. *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir.1988). The burden of persuasion to prove disability and demonstrate RFC remains on the claimant. *See Steed v. Astrue*, 524 F.3d 872, 876 (8th Cir. 2008).

## ALJ Decision

The ALJ here utilized the five-step analysis as required in these cases. The ALJ determined at Step One that Plaintiff had not engaged in substantial gainful

activity during the period from the alleged onset date of July 3, 2010. The ALJ found at Step Two that Plaintiff had the severe impairments bilateral knee degenerative joint disease and chondromalacia, right knee bursitis and small Baker's cyst and obesity.

At Step Three, the ALJ found that Plaintiff did not suffer from an impairment or combination of impairments that meets or medically equal the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, Part A (20 CFR 404.1520 (d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

As required, prior to Step Four, the ALJ determined the Residual Functional Capacity of Plaintiff to perform medium work as defined in 20 CFR 04.1567(c) and 416.967(c) except lifting and carrying no more than 50 pounds occasionally and 25 pounds frequently; standing or walking more than 6 hours in an 8 hour workday with normal work breaks; climbing ladders, ropes, or scaffolds, kneeling or crawling and crouching no more than occasionally.

At Step Four it was the finding of the ALJ that Plaintiff was capable of performing past relevant work as a home health aide, presser or CNA as it does not require the performance of work-related activities precluded by the Plaintiff's residual functional capacity.

Step five was not a consideration under the circumstances of this matter.

## Judicial Review Standard

The Court's role in reviewing the Commissioner's decision is to determine whether the decision "'complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole.'" *Pate–Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir.2009) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir.2008)). "Substantial evidence is 'less than preponderance, but enough that a reasonable mind might accept it as adequate to support a conclusion.'" *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir.2012) (quoting *Moore v. Astrue*, 572 F.3d 520, 522 (8th Cir.2009)). In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Id.* However, the court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" Id. (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir.2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.'" *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir.2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir.2005)).

Courts should disturb the administrative decision only if it falls outside the available "zone of choice" of conclusions that a reasonable fact finder could have reached. *Hacker v. Barnhart*, 459 F.3d 934, 936 (8th Cir.2006). The Eighth Circuit has repeatedly held that a court should "defer heavily to the findings and conclusions" of the Social Security Administration. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *Howard v. Massanari*, 255 F.3d 577, 581 (8th Cir. 2001).

**Discussion**

A. Was the ALJ's Assessment at Step Two Supported by Substantial Evidence?

The ALJ analyzed and discussed each of Plaintiff's alleged impairments and complaints. Plaintiff bears the burden of proof to demonstrate that she has a severe impairment, *Kirby v. Astrue*, 500 F.3d 705, 707-08 (8th Cir. 2007) (citing *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (reversing district court and affirming Commissioner)), and while "[s]everity is not an onerous requirement for the claimant to meet, … it is also not a toothless standard, and we have upheld on numerous occasions the Commissioner's finding that a claimant failed to make this showing." *Id*.

After thoroughly considering the evidence, the ALJ determined that Plaintiff's medically determinable mental impairments noted here did not cause more than minimal limitation in Plaintiff's ability to perform basic work activities. Much analysis was set out as to Plaintiff's statements regarding claims of mental

impairment. The mere fact that a claimant was diagnosed with a mental or emotional impairment does not mean that the impairment is severe. *See Buckner,* 646 F.3d at 557 (["A]lthough Buckner was diagnosed with depression and anxiety, substantial evidence on the record supports the ALJ's finding that his depression and anxiety was not severe."). In performing the analysis required by 20 C.F.R . §§ 404.1520a and 416.920a, the ALJ found that Plaintiff had "no more than mild, if any," restrictions of activities of daily living, difficulties in maintaining social functioning, or concentration, persistence or pace. The ALJ also found there was no evidence of any repeated episodes of decompensation of extended duration. The ALJ provided a thorough discussion of the facts relating to Plaintiff's claims. Plaintiff maintained the household for herself, her mother and her grandmother. She attended classes on line and was achieving "As". She performed household chores, went grocery shopping, and drove a car. For a time she maintained a part time job while performing these other functions. Plaintiff also noted she spent time with others and did not have difficulty with others.

There was a lack of medical evidence supporting the subjective allegations. *See Forte v. Barnhart* , 377 F.3d 892, 895 (8th Cir. 2004) ("[L]ack of objective medical evidence is a factor an ALJ may consider."); *Kisling v. Chater* , 105 F.3d 1255, 1257 (8th Cir. 1997) (The Eighth Circuit has held that allegations of disabling pain may be properly discounted because of inconsistencies such as

minimal or conservative medical treatment.). Plaintiff had visited the VA Medical

Center for examination in August of 2010 and denied any depression and

participated minimally in recommended treatment for anxiety, or inability to sleep.

In assessing the RFC, the ALJ considered all of the medically determinable

impairments, including those that are not "severe" as defined in the regulations.

*See* 20 C.F.R. §§ 404.1545(a)(2), (e); 416.945(a)(2), (e).

B. Did the ALJ Properly Consider Medical Opinion Evidence?

Plaintiff argues that in making this RFC assessment, the ALJ should have

assigned controlling weight to a medical source statement form completed by her

treating doctor, Gary Miller, M.D. The RFC assessment is specifically reserved to

the Commissioner and the ALJ, not a plaintiff's doctors, and in making that

assessment, "the ALJ is not required to rely entirely on a particular physician's

opinion or choose between the opinions [of] any of the claimant's physicians."

*Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011) (*quoting Schmidt v. Astrue*,

496 F.3d 833, 845 (7th Cir. 2007). See also 20 C.F.R. §§ 404.1527(d)(2),

416.927(d)(2) (The Commissioner uses medical sources to provide evidence about

several factors, including the RFC, but the "final responsibility for deciding these

issues is reserved to the Commissioner.").

The record and decision demonstrates that the ALJ considered Dr. Miller's

opinion as he is required to do, but he gave proper reasons for giving little weight

to the opinion. This Circuit has routinely and repeatedly recognized that while a treating physician's opinion is generally entitled to substantial weight such an "opinion does not automatically control in the face of other credible evidence on the record that detracts from that opinion." *Brown v. Astrue*, 611 F.3d 941, 951 (8th Cir. 2010) (*quoting Heino v. Astrue*, 578 F.3d 873, 880 (8th Cir. 2009)). The only consideration for the court, therefore, is whether the substantial evidence supports the ALJ conclusion. Here, it clearly does.

The ALJ clearly defined the limitations of Miller's opinion, consistent with the record and other evidence in the matter. Miller did not articulate an objective medical basis for the limitations in his opinion. Dr. Miller's notes indicated that Plaintiff showed minimal osteoarthritis and a Baker's cyst. Notes further indicated that Plaintiff, from notes of May 18, 2010, was pleased with the bracing and non-steroidal medication relating to both knees. It was noted that no follow up with orthopedics was necessary. In addition, the record reflects that Plaintiff treated with Dr. Morrow from August 2009 to May 2010 for knee pain and was treated with Tylenol 3. As part of the treatment/examination Plaintiff denied any complications.

There are numerous areas of the record all contrary to the opinion of Dr. Miller and consistent with the reasoned conclusion of the ALJ. The ALJ properly gave little weight to Dr. Miller's opinion. *See Anderson v. Astrue*, 696 F.3d 790,

793-94 (8th Cir. 2012) (*citing Owen v. Astrue*, 551 F.3d 792, 799 (8th Cir. 2008)

(ALJ properly discounted the opinion of a treating neurologist where the opinion

consisted of a conclusory checkbox form, listed significant limitations that were

not reflected in treatment notes or other medical records, and assigned more

physical limitations than Plaintiff actually exhibited in daily living).

C. Was the ALJ Decision Supported by Substantial Evidence Even Considering
New Evidence Submitted to the Appeals Council?

Plaintiff insists that additional evidence submitted to the Appeals Council

after the ALJ issued his decision in this case would have changed the outcome of

the case.

On May 12, 2014, the Appeals Council of the Social Security

Administration denied Plaintiff's request for review, stating it considered the

VAMC treatment records that Plaintiff  submitted, but found that they did not

"provide a basis for changing the Administrative Law Judge's decision."

(questions concerning a claimant's subjective testimony are "primarily for the ALJ

to decide, not the courts." This Court must factor in this evidence in making a

determination as to whether the ALJ decision is supported by substantial evidence.

*See Davidson v. Astrue*, 501 F.3d 987, 990 (8th Cir. 2007) ("Where, as here, the

Appeals Council considers new evidence but denies review, we must determine

whether the ALJ's decision was supported by substantial evidence on the record as

a whole, including the new evidence.").

The evidence presented by Plaintiff was no different in substance than the evidence already seen and heard by the ALJ, save for the opinion of Dr. Evans. That opinion was authored on January 14, 2013, months after the decision of the ALJ in this matter and clearly not within the relevant time period.

## Conclusion

After careful review, the Court finds the ALJ's decision is supported by substantial evidence on the record as a whole. The decision will be affirmed.

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is affirmed.

A separate judgment in accordance with this Opinion, Memorandum and Order is entered this same date.

Dated this 19th day of August, 2015.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE